WHARTON COUNTY DRAINAGE DIST. NO. 1 v. BOWEN, County Judge, et al.

(Court of Civil Appeals of Texas. Galveston. March 2, 1914.)

DRAINS (§ 2*)—ABOLITION OF DISTRICT—STATUTES—VALIDITY.

Acts 33d Leg. 1st Called Sess., c. 28, authorizing an election to determine whether a drainage district once established may be abolished, is not void or unconstitutional.

[Ed. Note.—For other cases, see Drains, Cent. Dig. § 17; Dec. Dig. § 2.*]

Appeal from District Court, Wharton County; Samuel J. Styles, Judge.

Bill by the Wharton County Drainage District No. 1 against J. R. Bowen, as County Judge, and others. From order denying a temporary injunction, complainant appeals. Affirmed.

McMEANS, J. This is an appeal from an order of Hon. Samuel J. Styles, judge of the district court of Wharton county, refusing to grant a temporary injunction.

The bill for injunction presented to the judge alleged the due organization of Wharton county drainage district No. 1, the issuance of bonds upon the order of the commissioners' court of Wharton county in the sum of $350,000 for the purpose of constructing drainage improvements; that the bonds had never been approved by the Attorney General of the state of Texas, nor registered by the comptroller, and that said bonds had never been sold; that the said commissioners' court had levied taxes for the years 1911 and 1912 to pay the interest on said bonds and to create a sinking fund for their redemption at maturity, but had refused to levy a tax for such purposes for the year 1913, and that none of the improvements contemplated by the establishment of the drainage district

had ever been made, because of lack of funds; that, out of the tax levy for the years 1911 and 1912, there had been collected the sum of $29,458.78 exclusive of commissions for collecting same, and that said sum is now in the custody of the county treasurer. The petition further alleged that on December 15, 1913, R. H. Hancock and 124 others, all of whom are landowning and taxpaying citizens of the drainage district, presented a petition to the commissioners' court praying that an election be ordered to determine whether the drainage district should be abolished, and accompanied the petition with $200 in cash, to be deposited with the clerk, to be by him held until after the result of the election should be declared, and thereafter to be disposed of as is provided by law; that, acting on this petition, the commissioners' court made an order, duly entered on the minutes, ordering an election to be held in the drainage district on February 7, 1914, to determine whether the drainage district should be abolished, appointing managers of election, designating polling places, and ordering notices to be given. The petition, further alleging that chapter 28, Gen. Laws Tex. 1st Called Sess., adopted by the Thirty-Third Legislature at its first called session, which authorizes elections to determine whether drainage districts, once established, may be abolished, is unconstitutional and void, prayed for the issuance of a temporary injunction restraining the commissioners' court of Wharton county and the individual members of said court from canvassing the returns of said election, and from making any order declaring the result of such election, and from making any order for the abolition of the drainage district. The prayer for injunction was refused.

No briefs for either party to the controversy have been filed, and the case comes to us solely upon the verified petition for injunction. We have examined the petition carefully in connection with chapter 28, p. 41, Gen. Laws, authorizing the holding of elections to determine whether drainage districts shall be abolished, and our conclusion is that the act is not unconstitutional in any of the respects in which it is attacked by plaintiff.

As no other ground for injunction except the invalidity of the act is alleged, we think the court correctly refused to grant the injunction, and therefore the judgment appealed from is affirmed.

Affirmed.